**Barry KAMINSKY, Plaintiff–Appellant,**

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, Defendant–Appellee.**

**No. 10–1016–cv.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2010.

Barry Kaminsky, Brooklyn, NY, pro se.

Loretta E. Lynch, United States Attorney for the Eastern District of New York (Varuni Nelson, David M. Eskew, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Appellee.

PRESENT: ROBERT D. SACK, REENA RAGGI, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Plaintiff Barry Kaminsky, *pro se,* appeals from an award of summary judgment in favor of defendant the National Aeronautics and Space Administration on plaintiff's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

This Court reviews *de novo* the district court's grant of summary judgment under FOIA. *National Council of La Raza v. Dep't of Justice,* 411 F.3d 350, 355 (2d Cir.2005). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate...." *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search ... are sufficient to sustain the agency's burden," and we accord such affidavits a "presumption of good faith." *Id.* (footnote omitted). This presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other docu-

618

ments." *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 489 (2d Cir.1999) (internal quotation marks omitted).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the judgment below for substantially the reasons stated by the district court in its thorough and well-reasoned decision. We have considered Kaminsky's arguments on appeal and conclude that they are without merit. Accordingly, the January 19, 2010 judgment is AFFIRMED.